**NOT DESIGNATED FOR PUBLICATION**

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**09-504**


**MICHAEL DAVID KINNEY**

**VERSUS**

**TRACEY (FULLER) KINNEY**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 75,893
HONORABLE VERNON B. CLARK, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*


## OSWALD A. DECUIR
## JUDGE

\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Michael G. Sullivan, and Shannon J. Gremillion, Judges.


**AFFIRMED.**

**Tony C. Tillman**
**Attorney at Law**
**P. O. Drawer 648**
**Leesville, LA 71496-0648**
**(337) 239-7983**
**Counsel for Defendant/Appellee:**
    **Tracey (Fuller) Kinney**

**Walter M. Sanchez**
**The Sanchez Law Firm, LLC**
**901 Lakeshore Drive, Suite 1050**
**Lake Charles, LA 70601**
**(337) 433-4405**
**Counsel for Plaintiff/Appellant:**
    **Michael David Kinney**

**DECUIR, Judge.**

Michael Kinney and Tracey Fuller Kinney were married on July 21, 1990. One child was born of the marriage. Michael filed for divorce on April 5, 2006, and Tracey reconvened seeking, among other relief, a formal partition of the community. On June 19, 2008, the parties, through counsel, stipulated to a resolution of the partition proceedings and specifically addressed aspects of Michael's military retirement benefits despite the fact that Michael was still on active duty. The trial court entered judgment embodying the agreement between the parties on October 28, 2008. On October 30, 2008, Michael filed a motion for new trial, alleging the judgment did not conform to the stipulation. The trial court rendered two separate judgments revising the original judgment on partition of community property. Michael lodged this appeal.

## DISCUSSION

Several things are apparent to this court. First, the parties attempted to avoid confrontation over future retirement benefits by stipulating to the terms of the partition ahead of time. Second, the trial court, because of its experience with the issues involved, attempted to implement a judgment that would effectuate the wishes of the parties and still adhere to statutory and jurisprudential rules involving military pensions. Third, three of the assignments alleged by Michael involve the application of the judgment to his alleged disability retirement benefits.

Our review of the record indicates that at the time judgment was rendered Michael was on active duty. There is no evidence in the record indicating that Michael's status has changed. Accordingly, we cannot consider any arguments asserted by Michael involving his alleged disability retirement as they are not supported by evidence in the record.

Michael's final assignment alleges that the trial court's judgment does not conform to the stipulation by the parties. Specifically, he contends that the requirement that Tracey Kinney remain as the sole primary beneficiary of the Survivor Benefit Plan exceeds the scope of their stipulation. After carefully reviewing the record, we find no merit to this assignment.

**DECREE**

For the foregoing reasons the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant Michael Kinney.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.